[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12478
Non-Argument Calendar

_____

Agency No. A98-548-604

BIN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 31, 2008)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Bin Lin, a native and citizen of China, petitions for review of the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). Lin argues that the Board failed to consider all the evidence he introduced regarding his religious persecution. We grant Lin's petition, and we vacate and remand for further proceedings.

We review de novo the legal decision of the Board. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review its findings of fact to determine if the decision is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quoting Lorisme v. INS, 129 F.3d 1441, 1444–45 (11th Cir. 1997)). Credibility determinations are likewise reviewed under the substantial evidence test. D-Muhumed, 388 F.3d at 817. "The trier of fact must determine credibility, and this [C]ourt may not substitute its judgment for that of the Board with respect to credibility findings." Id. "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003)(citing Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002)).

2

The record does not compel a finding that Lin's testimony was credible. There were discrepancies in Lin's application and his testimony at the asylum hearing regarding the number of Bibles that he smuggled inside China. Lin alleged that Jiahui Ye asked him to travel to Xiamen to transport the Bibles, but Ye's letter allows an inference that Lin instead went to Xiamen to proselytize. Lin also testified that he was beaten severely in the reeducation camp, but his application stated only that he had "suffered a lot."

The Board failed, however, to make a clear or cogent finding as to Lin's evidence that he was detained in the reeducation camp on the basis of his religious activity. The Board could not rely on its adverse credibility determination to deny the application when it failed to consider all of Lin's corroborating evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Lin offered excerpts from the 2005 County Report and 1998 Profile of Asylum Claim and Country Conditions that stated that the government had harassed and detained members of unregistered churches. Lin also submitted a government document stating that he had been incarcerated in a Chinese reeducation camp because he had "participated in an unregistered church." The immigration judge found these documents credible and entitled to "great weight." The Board offered no response to Lin's evidence that he was incarcerated for his religious practice.

The Board erred by failing to consider all the evidence Lin submitted to substantiate his allegation of religious persecution. We **GRANT** Lin's petition, **VACATE** the order that dismissed Lin's appeal, and **REMAND** for the Board to consider all corroborating evidence submitted by Lin to determine whether Lin was incarcerated on the basis of his religious activity.

**PETITION GRANTED.**