[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14808

_____

Agency No. A098-548-604

LIN BIN, a.k.a. Bin Lin,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 21, 2014)

Before CARNES, Chief Judge, HULL and GARZA,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable Emilio M. Garza, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Bin Lin, a citizen of the People's Republic of China, seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT") based on the IJ's and BIA's conclusions that Lin's testimony and corroborating evidence failed to establish that he was persecuted based on his religious activities. After review of the record and the briefs of the parties, and having the benefit of oral argument, we deny Lin's petition for review.

This case was previously reviewed by this Court. *See Lin v. U.S. Att'y Gen.*, 305 F. App'x 649 (11th Cir. 2008). There, we held that substantial evidence supported the BIA's affirmance of the IJ's adverse-credibility finding regarding Lin's testimony, but we remanded because the BIA "erred by failing to consider all the evidence Lin submitted to substantiate his allegation of religious persecution." *Id.* at 650. We "remand[ed] for the [BIA] to consider all corroborating evidence submitted by Lin to determine whether Lin was incarcerated on the basis of his religious activity." *Id.* Nothing in our prior opinion ruled on that corroborating evidence, but we remanded because the BIA had failed to consider all the evidence.

In turn, the BIA remanded to the IJ "for consideration of all corroborating evidence in the record and entry of a new decision." Contrary to Lin's arguments,

2

nothing in our prior opinion prohibited the BIA from remanding to the IJ to consider all the evidence and enter a new decision.

Here, we conclude that substantial evidence supports the finding that Lin's corroborating evidence was insufficient, in light of Lin's incredible testimony, to meet his burden of proof for establishing entitlement to asylum, withholding of removal, and CAT relief.

Given Lin's weak testimony, he had a much greater need to provide corroborating evidence to support his claims. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). In support of his claims, Lin submitted a release notice from a re-education labor camp where he was allegedly detained, a letter from his ex-wife, and a letter from Mr. Ye, the alleged preacher at Lin's underground church in Fuzhou. The record establishes that both the IJ and BIA considered these three documents, and substantial evidence supports the finding that these documents were unreliable given the inconsistencies and omissions between the documents themselves and Lin's testimony. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1346-47 (11th Cir. 2008) (holding that substantial evidence supported the finding that the alien failed to establish past persecution based on incredible testimony and unreliable corroborative evidence).

The BIA pointed out that the release notice from Lin's purported detention in 2003 was signed by Lin's ex-wife, yet his ex-wife's letter did not mention this

3

detention.  The BIA further noted that while Mr. Ye's letter mentioned Lin's detention, it did not provide any specific details about the detention and did not state that Lin belonged to or participated in an underground church, as the release notice indicated.  Moreover, the BIA's interpretation—that Mr. Ye's letter, which stated that Lin went to Xiamen to spread the word of God, conflicted with Lin's testimony—was not unreasonable.  *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004).  As we said in addressing Lin's prior petition for review, Mr. "Ye's letter allows an inference that Lin . . . went to Xiamen to proselytize" rather than to transport Bibles.  *Lin*, 305 F. App'x at 650.

Substantial evidence supports the finding that the inconsistencies between the documents and Lin's testimony fail to corroborate his past persecution claim. *See Mohammed*, 547 F.3d at 1345-47.  Based on Lin's incredible testimony and unreliable supporting evidence, the record does not compel a finding that Lin was detained because of his religious activities and, thus, suffered past persecution.  *Id.*

Substantial evidence also supports the IJ's and BIA's finding that the background information on China's country conditions did not specifically relate to Lin and failed to salvage his incredible testimony and, therefore, did not compel a finding that Lin has a well-founded fear of future persecution.  *Id.* at 1346. Although Lin argues otherwise, the record does not compel a finding that Lin presented "specific, detailed facts showing a good reason to fear that he . . . will be

4

*singled out* for persecution." *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1287 (11th Cir. 2001) (internal quotation marks omitted).

Because Lin failed to establish eligibility for asylum, he likewise failed to establish eligibility for withholding of removal and CAT relief. *Id.* at 1303-04.

Accordingly, we deny Lin's petition for review.

**PETITION DENIED.**